STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-02-43
SKS-KEN - 10/22/2003

BLETHEN MAINE
NEWSPAPERS, INC.,

Plaintiff/Appellant

v.

STATE OF MAINE and
MAINE DEPARTMENT OF
THE ATTORNEY GENERAL,

Defendants/Appellees

**FINAL DECISION
AND ORDER**

This matter comes again before the court on an appeal of final agency action pursuant to M.R. Civ. P. 80B and the Maine Freedom Of Access Act (1 M.R.S.A. § 409) ("FOAA"). A previous order dated September 11, 2002, denied the appeal at that time, but retained jurisdiction in this court and allowed renewal of the appeal without refiling. That order also included a provision that the defendants report to the court and the plaintiff the status of the documents for law enforcement purposes by six months from the date of the order. The deadline for the report was subsequently extended two months by agreement of the parties, and then extended again to July 1, 2003, again by agreement. The time has come for the court to again review the issues, with the assistance of new briefing materials.

In the September 11, 2002 order, this court determined, after *in camera* review of the documents in question, that the documents would be public records for purposes of the FOAA normally available for public access unless they came within one of the exceptions which would allow confidentiality. The records in question concern reports of sexual abuse against minors by certain priests of the Catholic Diocese of Maine. The

1

specific documents in question concern priests who are now deceased and no longer subject to potential criminal prosecution. The documents were turned over by the Diocese to the Attorney General presumably to aid in the investigation of any criminal activities and, as such, became subject to both the FOAA and the exceptions set forth in the Criminal History Information Act (16 M.R.S.A. §614). The Attorney General initially opposed making the records public for two reasons: (1) that release would interfere with law enforcement proceedings, and (2) release would constitute an unwarranted invasion of personal privacy. Both are exceptions to free access to records under the applicable statutes. The court agreed with the defendants' law enforcement investigation argument under 16 M.R.S.A. § 614 that the disclosure at that time would interfere with the ongoing law enforcement investigation. This court reserved a decision on the second argument, indicating that further research was necessary. The Attorney General has now indicated that the investigation is in the process of completion and the "interfere[nce] with law enforcement proceedings" exception no longer applies. Therefore, it is time to examine more closely the "unwarranted invasion of privacy" exception (16 M.R.S.A. § 614(1)(C)).

Examination of the privacy isssue requires analysis of two sub-questions:

(1)    Is there presently any personal privacy interest which can be claimed by or for individuals named in the documents?

(2)    Is disclosure of the information contained in the records "warranted," after balancing any residual privacy interest against the public's interest?

There are two or possibly three classes of individuals who may have potential privacy claims: the alleged victims, any named witnesses and the deceased priests. With regard to many of these individuals, perusal of the reports indicates that their identities have already been made public to a greater or lesser extent. In some cases,

2

victims have made their claims known in forums as public as testimony before legislative committees. Other victims and witnesses may have been less public in their statements, but to the extent that the alleged victims or others working on their behalf have stepped forward and lodged their complaints, their expectation of continued privacy would be diminished to the extent that the investigation being sought would require disclosure. Nor is there any indication in the court's record or in the documents themselves that any of these reports were thought to have been made under the protection of the confessional, and the Diocese has not made any claim of this type on their behalf. Therefore, there may be some residual privacy interest of named victims and witnesses, but due to the manner in which this information has been handled, that interest has been reduced for purposes of balancing against the public interest in disclosure, as set forth below.

The privacy issue is slightly different with regard to the deceased priests. The plaintiff argues that under Maine law there is no personal privacy interest which survives death. However, the case law cited in support of this position is drawn primarily from the realm of tort law rather than the FOAA The defendants suggest instead that such residual rights may exist, citing case law under the Federal Freedom of Information Act which has exception language which tracks that in the FOAA (5 U.S.C. §552 (b)(7)(C). Although the federal decisions are not *stari decisis*, they are of interest and may be of guidance in interpreting this question under our statute.[1] The specific question is one of first impression in Maine. However, after reviewing both lines of cases, the court is satisfied that under the proper circumstances, the Law Court

---

[1] These cases include *Campbell v. United States Dep't of Justice*, 164 F.3d 20 (D.C. Cir. 1998); *Favish v. Office of Independent Counsel*, 217 F.3d 1168 (9th Cir.); *Accuracy in Media, Inc., v. National Park Service*, 194 F.3d 120 (D.C. 1999) and *New York Times Co. v. National Aeronautics & Space Admin.*, 782 F. Supp. 628 (D.C. 1991). It should be noted that in none of these cases was the decedent whose continuing privacy interest was under examination the alleged perpetrator of a criminal act.

might find a residual privacy right. Whether the Law Court would do so in the present case becomes academic in light of the clear affirmative answer to the second prong of the test.

The second question - whether release of the records is warranted in the face of any personal privacy right - calls for a balancing test with the personal interest on one side and the public interest on the other. Any privacy rights the alleged victims, witnesses and alleged abusers originally had have been eroded by time, life and the manner in which the information came to the Attorney General.[2] In contrast, the public interest in allegations of sexual abuse of minors, and particularly how such allegations were or were not investigated by the Diocese and law enforcement officials is of great and appropriate public interest. The extent to which the State can regulate the administration of the church's personnel policies is limited if any. *Swanson v. The Roman Catholic Bishop of Portland*, 1997 ME 63, 692 A.2d 441. However, if that administration concerns dealing with allegations of criminal activity, the public interest becomes more apparent and important. Therefore, any residual personal privacy rights which could be claimed for those named in any capacity in the documents, must bend to the public interest and no exceptions to release of these public documents exist under the FOAA.

For the reasons stated, the entry will be:

(1)     There being no continuing exception to the statute, the documents in question are declared to be public records.

(2)     The appellant's appeal is GRANTED and the final agency action of the Attorney General reflected in his letter of July 11, 2002, is REVERSED.

---

[2] A suggestion was made that the court consider redacting identifying information for alleged victims from the records at issue. In deciding not to accept this suggestion, the court has considered how much information would have to be taken out and the extent to which this information is likely already known, at least at a local level.

(3) This matter is REMANDED to the Attorney General with the direction that the documents in question be made available to the appellant in the normal manner of responding to such document requests.

(4) Execution of this order and remand will be stayed until 21 days from the date of this order to allow for the filing of any appeal.

Dated: October 22, 2003

_____
S. Kirk Studstrup
Justice, Superior Court

5

Date Filed ___7/16/02___ ___Kennebec___ County     Docket No. __AP02-43__

Action ___Freedom of Access___
                    80B

**J. STUDSTRUP**

Blethen Maine Newspapers, Inc. d/b/a     vs.     State of Maine & Dept. of Attorney Gen.

Plaintiff's Attorney Portl.Press Hereald & Me.
                    Sunday Telegram          Defendant's Attorney

Jonathan S. Piper, Esq.                      William R. Stokes, AAG
Sigmund D. Schutz, Esq.                      Leanne Robbin, AAG
P.O. Box 9546                                6 State House Station
Portland, Maine   04112-9546                 Augusta, Maine   04333-0006

| Date of Entry | |
|---|---|
| 7/16/02 | Appeal from Denial of Access to Public Records Pursuant to Rule 80B, filed. s/Piper, Esq.   (attached exhibits 1-4)<br>Acceptance of Service, filed. s/Stokes, AAG<br>Joint Motion for Entry of Scheduling Order Re: Denial of Access to Public Access to Public Records Pursuant to 1.M.R.S.A. 408,409, filed. s/Stokes, AAG<br>Proposed Scheduling Order on Freedom of Access Act Appeal from Denial of Access to Public Records, filed. |
| 7/17/02 | File sent to J. Studstrup in Androscoggin for review. |
| 7/17/02 | File returned from J. Studstrup. |
| 7/18/02 | SCHEDULING ORDER ON FREEDOM OF ACCESS ACT APPEAL FROM DENIAL OF ACCESS TO PUBLIC RECORDS, Studstrup, J. (signed 7/17/02)<br>Copies mailed to attys of record. |
| 7/31/02 | Brief of Plaintiff/Appellant Blethen Maine Newspapers, Inc. on Appeal from Denial of Access to Public Records Pursuant to Rule 80B, filed. Piper, Esq. & Schutz, Esq. |
| ------ | State's Memorandum in Opposition to Appeal Under FOAA, filed. s/Robbin, AAG **DOCUMENTS UNDER SEAL, filed.** |
| 8/21/02 | Notice of setting of oral arguments on 9/5/02 at 1:00 p.m. mailed to attys of record. |
| 9/5/02 | Additional Documents under Seal, filed. s/Robbin, AAG |
| 9/5/02 | Oral arguments had before the Court with Justice Studstrup, Presiding; Jonathan Piper, Esq. & Sigmund Schutz, Esq. for the Plaintiff and Leanne Robbin, AAG for the State.  After arguments, matter taken under advisement Electronic Recording  Tape 620 Index 108-1101. |
| 9/11/02 | DECISION AND ORDER, Studstrup, J.<br>(1)  Plaintiff's appeal is not granted at the present time, but may be renewed without refiling.<br>(2)  This court will retain personal jurisdiction of this matter.<br>(3)  The defendants will report to the court and the plaintiff the status of the documents in question for law enforcement purposes six months from the date of this order.  More detailed analysis may be necessary |